**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JUSTO ROLANDO DEL ORBE, | : | |
| | : | Civil Action No. 13-1567 (FSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BARRY NADROWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    Karen Celeste Fernandez
    Jorge Guttlein & Associates PC
    291 Broadway
    Suite 1500
    New York, NY 10007
    Attorney for Petitioner

    Kristin Lynn Vassallo
    Office of the U.S. Attorney
    District of New Jersey
    970 Broad Street
    Newark, NJ 07102
    Attorney for Respondents

Hochberg, District Judge

    Petitioner Justo Rolando Del Orbe, an alien detained in connection with removal proceedings and currently confined at Hudson County Correctional Center, has submitted a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and paid the $5 filing fee.

For the reasons stated below, the Petition will be denied.

I.  <u>BACKGROUND</u>

The facts set forth in this Opinion are taken from the parties' statements in their respective briefs. Petitioner is a native and citizen of the Dominican Republic who was admitted to the United States of America as a Lawful Permanent Resident on or about August 14, 1993. Thereafter, on or about May 7, 2009, Petitioner was convicted of attempted criminal sale of a controlled substance in the third degree in violation of New York Penal Law §§ 110 and 220.39(1) and sentenced to five years of probation.

Petitioner was detained by the Bureau of Immigration and Customs Enforcement ("ICE") on November 30, 2012 and is currently in removal proceedings. He challenges his ongoing incarceration stating that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because he was not immediately detained in

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

conjunction with removal proceedings following release from custody for his prior criminal conviction, a removable offense.

II. ANALYSIS

Petitioner challenges his detention pursuant to pre-removal proceedings under 8 U.S.C. § 1226(c) because he was not taken into ICE custody immediately upon completion of his criminal sentence for a removable offense.

An alien is subject to mandatory detention and subsequently removal or deportation from the United States when he/she:

> ...is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Apprehension and Detention of Aliens, 8 U.S.C. § 1226 (1990).

The Third Circuit Court of Appeals recently resolved a challenge such as Petitioner raises here by ruling that even if 8 U.S.C. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if detention was delayed. *See Sylvain v. Attorney General of the United States*, 714 F.3d 150, 157 (3d Cir. 2013).

Petitioner's challenge here, based on the phrase "when the alien is released" in § 1226(c), fails because the phrase does not mean that detention must be immediate. *See Sylvain*, 714 F.3d

at 157 (holding that "even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay.").

Thus, the *Sylvain* ruling means that an alien raising a claim such as the claim presented here is not entitled to habeas relief simply because immigration officials delayed in taking him/her into custody. *See id*. In the instant matter, ICE officials did not lose their authority to effectuate mandatory detention of Petitioner in conjunction with removal proceedings simply due to a lapse in time between Petitioner's release from non-ICE custody and his current mandatory detention. Accordingly, Petitioner's challenge here is without merit and the Petition must be denied.

III. CONCLUSION

For the reasons set forth above, the Court denies Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. An appropriate order follows.

s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated: August 28, 2013